UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERNST,<br><br>    Petitioner,<br><br>    v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 2:20-cv-01716-JDP (HC)<br><br>SCREENING ORDER<br><br>ORDER THAT PLAINTIFF:<br><br>(1) FILE AN AMENDED PETITION; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS PETITION, SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

Petitioner Steven Ernst, a state prisoner proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Here, the one page-petition does not, for the reasons explained below, raise a cognizable claim that petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a

1

1  writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court
2  only on the ground that he is in custody in violation of the Constitution or laws or treaties of the
3  United States."). Petitioner may choose to file an amended petition that supersedes the original or
4  he may choose to stand by his petition subject to a recommendation that it be dismissed.

5  Petitioner alleges that he suffers from a heart-related illness that makes him more
6  vulnerable than most to the Covid-19 virus.[1] ECF No. 1 at 1. He also claims that his illness is
7  exacerbated by the wildfire smoke that was widespread in California earlier this year. *Id.* He
8  seeks release from prison under whatever conditions the California Department of Corrections
9  and Rehabilitation deems appropriate. *Id.* These claims, though they may provoke sympathy, do
10 not go to the legality of petitioner's continued confinement. Rather, they are claims regarding the
11 adequacy of petitioner's conditions of confinement. Such claims should be brought in a section
12 1983 action. *See Bowman v. California*, No. EDCV 19-00184 RGK-(RAO), 2019 U.S. Dist.
13 LEXIS 167369, *3 (C.D. Cal. 2019). I will not convert the petition into a section 1983 action,
14 however, since the filing fee for a section 1983 action is much higher (and petitioner might elect
15 not to incur it), and petitioner has not identified any defendant against whom he would proceed.
16 Petitioner may choose to convert this action by explicitly stating his desire to do so and filing a
17 complaint.

18  It is ORDERED that:

19  1. Within thirty days of the date of service of this order, petitioner must either file an
20     amended petition or state that he chooses to stand by his current petition, subject to
21     a recommendation that it be dismissed. Alternatively, as identified above, he may
22     choose to convert this action into a section 1983 action and file a complaint.
23  2. The Clerk of Court is directed to mail petitioner a habeas petition form and a
24     section 1983 complaint form with this order.
25  3. Petitioner's *in forma pauperis* application, ECF No. 11, makes the required
26     showing and is granted.

---

[1] Petitioner does not explicitly allege as much, but implicit in his petition is the fact that the risk of contracting Covid-19 is higher in prisons.

IT IS SO ORDERED.

Dated:    December 22, 2020          /s/ Jeremy Peterson
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE