UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERNST,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | Case No. 2:20-cv-01716-JAM-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDERS, AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

　　　On December 22, 2020, the court screened petitioner's petition for writ of habeas corpus and notified petitioner that it failed to state a claim. Petitioner was granted thirty days to either file an amended petition or inform the court that he chooses to stand by his original petition. To date, he has not filed an amended petition nor otherwise responded to the December 22, 2020 order.

　　　To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case for petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with

which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give petitioner an opportunity to explain why the court should not dismiss his case for failure to comply with the December 22 order. Petitioner's failure to respond to this order will constitute another failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute, failure to comply with court orders, and failure to state a claim for the reasons set forth in the December 22, 2020 order. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:   February 25, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2